Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

PROPOSED COUNSEL FOR RYAN NICHOLAS WEISS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE § | | |
| § | | |
| RYAN NICHOLAS WEISS § | | CASE NO. 21-31701-HDH |
| § | | |
| Debtor § | | Chapter 11 |
| § | | |

### APPLICATION OF DEBTOR IN POSSESSION FOR AN ORDER AUTHORIZING APPROVAL FOR RETENTION OF HOLDER LAW AS COUNSEL FOR THE DEBTOR

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Ryan Nicholas Weiss (referred to as "Debtor," "Applicant" and/or "Debtor in Possession") files this Application (the "Application") for an Order Authorizing Interim and Final Approval for

APPLICATION FOR AUTHORIZATION FOR APPROVAL OF EMPLOYMENT                    1
OF HOLDER LAW AS COUNSEL FOR THE DEBTOR

the Retention of HOLDER LAW pursuant to sections 327, 328, 330 and 1107 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Procedure ("Bankruptcy Rules" or "Bankruptcy Rule") and respectfully represents as follows:

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327, 328, 330 and 1107 of the Bankruptcy Code.

## Background

3. On September 23, 2021 (the "Petition Date"), Debtor filed for bankruptcy protection under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Debtor is an individual who previously operated a buy here–pay here used car dealership. The cause of the bankruptcy filing was primarily due to delinquencies related to Debtor's business obligations.

## Relief Requested and Basis Therefore

5. In connection with the performance of his duties and obligations as Debtor in Possession, Applicant wishes to employ HOLDER LAW, a professional corporation organized for the purposes of practicing law, with its office being 901 Main Street, Suite 5320, Dallas, TX 75202, telephone number (972) 438-8800, to serve as its bankruptcy counsel in this case.

6. Applicant has selected HOLDER LAW because HOLDER LAW is experienced in bankruptcy matters of this nature and well qualified to represent the Applicant. HOLDER LAW has agreed, subject to the Court's approval and the terms set forth herein, to represent Applicant in this case.

7. If approved by the Court, HOLDER LAW will advise and represent the Debtor with respect to all matters that may arise in the context of this Chapter 11 case. More specifically, HOLDER LAW will render the following services to Debtor:

    (a) provide legal advice with respect to Debtor's powers and duties as debtor in possession in the continued operation of its business and the management of its property.

    (b) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objections to claims filed against the Debtor's estate;

    (c) prepare on behalf of the Debtor all necessary motions, answers, orders, reports, and other legal papers in connection with the administration of its estate herein;

    (d) assist the Debtor in preparing for and filing one or more disclosure statements in accordance with Section 1125 of the Bankruptcy Code.

    (e) assist the Debtor in preparing for and filing one or more plans of reorganization at the earliest possible date;

    (f) perform any and all other legal services for the Debtor in connection with the Chapter 11 case; and

    (g) perform such legal services as the Debtor may request with respect to any matter, including, but not limited to, corporate finance and governance, contracts, antitrust, labor, and tax.

8. HOLDER LAW has informed Debtor that it will not represent any person in connection with any matter adverse to the Debtor or his estate. Additionally, should HOLDER LAW discover during the pendency of this Chapter 11 case that it represents any additional entities or persons that are affiliates of any party in interest in this Chapter 11 case, it will promptly and fully disclose to the Court the nature of its representation and relationships thereto.

9. Based on an investigation of HOLDER LAW's client lists as of the date of filing of this Application, HOLDER LAW has informed the Debtor that, except as is fully set forth in

this Application and/or the Affidavit of Areya Holder Aurzada, an attorney with HOLDER LAW, attached hereto as **Exhibit A**, it has no other known connection with the Debtor, his creditors, or other parties in interest in this Chapter 11 case, and does not hold or represent any other known or reasonably ascertainable interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged.

10. HOLDER LAW will charge for time at its normal billing rates for attorneys and legal assistants and will request reimbursement for its out-of-pocket expenses. All fees and expenses will be subject to Bankruptcy Court approval.

11. On August 6, 2021, HOLDER LAW received from the Debtor funds in the amount of $15,000.00. Prior to the filing of this Chapter 11 bankruptcy, HOLDER LAW applied $2,222.00 from funds received for attorney's fees and $1,738.00 for the Chapter 11 filing fee. These funds were earned and deposited pre-petition into HOLDER LAW's operating account. The remaining funds in the amount of $11,040.00 were immediately deposited into the Firm's retainer account.

12. HOLDER LAW has filed, simultaneously with this Application, a Disclosure of Compensation pursuant to Bankruptcy Rule 2016(b) and a Statement concerning HOLDER LAW's relationship with Applicant, his affiliates, creditors or parties in interest pursuant to Bankruptcy Rule 2014.

**Matters Relevant to the Retention of HOLDER LAW**

13. HOLDER LAW has attempted to determine its past and present connections with the Debtor, his creditors, partners or any parties-in-interest appearing in this case, his respective attorneys, accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Based upon that investigation and to the best of HOLDER LAW's present

knowledge, HOLDER LAW does not have any such connections except that Ms. Aurzada was previously employed by Thomas D. Powers, Chapter 13 Trustee for the Northern District of Texas, Dallas Division. Additionally, Ms. Aurzada serves as a Chapter 7 panel trustee for the Northern District of Texas, Dallas and Fort Worth Division. In addition, Ms. Aurzada currently and periodically serves as a Subchapter V Trustee and a Chapter 11 Trustee in the Northern District of Texas and other districts across the country.

### Notice

14. Notice of this Application and the relief requested hereby has been provided to the Office of the United States Trustee, all parties on the attached mailing matrix, and all parties that have entered a notice of appearance. No official creditor's committee has been formed in this case. Accordingly, the Debtor believes that such notice of this Application is sufficient.

### Conclusion

15. At the request of the Debtor, HOLDER LAW has agreed to begin to render services to or on behalf of the Debtor as of the Petition Date. Accordingly, Debtor requests this Court to enter an order approving the employment of HOLDER LAW as counsel for the Debtor as of the petition date.

WHEREFORE, Debtor respectfully request an Order of this Court approving Applicant's employment of HOLDER LAW, as its counsel, on the terms set forth herein, and for such other and further relief, legal or equitable, special or general to which Debtor may show him justly entitled.

Respectfully submitted the 28th day of September, 2021.

/s/ Ryan Nicholas Weiss
Ryan Nicholas Weiss

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on September 28, 2021, upon the attach mailing matrix via United States first class mail, postage prepaid except for the parties listed below which received electronic notice.

**VIA ELECTRONIC NOTICE ON:**

Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, Texas 75242-1496

By: */s/ Areya Holder Aurzada*
Areya Holder Aurzada