

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 22, 2021

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| RYAN NICHOLAS WEISS | § | CASE NO. 21-31701-HDH |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

## ORDER CONFIRMING PLAN OF REORGANIZATION

On December 21, 2021, came on for consideration Confirmation of Ryan Nicholas Weiss' Plan of Reorganization (the "Plan") filed November 8, 2021 under Chapter 11 of Title 11 of the United States Code and the supporting disclosures contained therein. (All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.)  Pursuant to 11 U.S.C. §101(51D), Debtor elected to proceed under Subchapter V, which provided for the appointment of a trustee, and Scott M. Seidel was appointed as the Subchapter V Trustee (the "Trustee").

Having conducted the Confirmation Hearing, reviewed the evidence, heard testimony from witnesses and the Trustee and noted the lack of votes in opposition to the Plan, THE COURT HEREBY FINDS AS FOLLOWS:

1. <u>Petition Date</u>. The above-captioned Debtor filed his voluntary petition for relief under Chapter 11 on September 23, 2021.

2. <u>Jurisdiction</u>. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157, and these matters constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(B), (L), (M) and (O).

3. <u>Plan Proponent</u>. The proponent of the Plan is Ryan Nicholas Weiss.

4. <u>Vote Solicitation</u>. The Plan, Ballots and other appropriate materials were transmitted to holders of Claims and Equity Interests in accordance with the Bankruptcy Code and Order Fixing Time for Filing Acceptances or Rejections of the Plan, Fixing the Time for Filing Objections to the Confirmation of the Plan and the Hearing on Confirmation of the Plan.

5. <u>Disclosure</u>. The Court finds that the disclosures contained in the Debtor's Plan filed on September 9, 2021 contains adequate information pursuant to 11 U.S.C. §1190.

6. <u>Notice</u>. Notice of the Plan, the Confirmation Hearing, and the objection and voting deadlines were in conformance with Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure and/or were determined to be adequate and sufficient Notice. Holders of Claims and Equity Interests have received adequate notice and an opportunity to be heard and were accorded due process in the adjudication of the issues presented by Confirmation of the Plan. Likewise, acceptances of the Plan were solicited in accordance with Section 1125 of the Bankruptcy Code and other applicable Bankruptcy Code provisions.

7. <u>Section 1122</u>. The classification of Claims contained in the Plan is appropriate under Section 1122 of the Bankruptcy Code.

8. <u>Accepting and Rejecting Classes.</u> Debtor received four votes in Class 3 in favor of the Plan. The Debtor received one vote in Class 3 against the Plan.

9. <u>Section 1123.</u> The Plan complies with Section 1123 of the Bankruptcy Code in that the Plan (a) designates classes of claims, other than claims of a kind specified in Sections 507(a)(1), 507(a)(2) or 507(a)(8) of the Bankruptcy Code, and a class of partnership interests; (b) specifies each class of claims that is not impaired under the Plan and the treatment of all classes of claims and interests that are impaired under the Plan; (c) provides adequate means for the Plan's implementation; (d) if applicable, provides for the inclusion of the Reorganized Debtor's charter or other organization documents of a provision prohibiting the issuance of non-voting equity securities; and (e) makes adequate disclosure of the post-Effective Date management of the Reorganized Debtor and the compensation promised to be paid, all of which is consistent with the interests of creditors and equity interest holders and public policy.

10. <u>Section 1190.</u> The Plan complies with Section 1190 of the Bankruptcy Code in that the Plan includes (a) a brief history of the business operations of the Debtor; (b) a liquidation analysis; (c) projections with respect to the ability of the Debtor to make payments under the Plan; (d) and provides for the submission of all or such portion of the future earnings or other future income of the Debtor as is necessary for the execution of the Plan.

11. <u>Section 1194.</u> The Plan complies with Section 1194 of the Bankruptcy Code, and the Debtor shall make all payments due under the Plan pursuant to 1194(b).

12. <u>Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) thereof.

13. <u>Section 1129(a)2)</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) thereof.

14. <u>Section 1129(a)(3)</u>. The Plan has been proposed in good faith by the Debtor. The

Plan was proposed with the honest intent to reorganize and not by any means forbidden by law. The Plan is in compliance with Section 1129(a)(3) of the Bankruptcy Code.

15. Section 1129(a)(4). Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Bankruptcy Case or in connection with the Plan and incident to this Bankruptcy Case has been approved by or is subject to the approval of the Court as reasonable as required by Section 1129(a)(4) of the Bankruptcy Code.

16. Section 1129(a)(5). In the Plan and at the Confirmation Hearing, the Debtor complied with Section 1129(a)(5) by disclosing the identity and affiliations of each of the individuals proposed to serve, after the Effective Date of the Plan, as management for the Reorganized Debtor.

17. Section 1129(a)(6). The Plan does not require the approval of any governmental regulatory commission as contemplated by section 1129(a)(6) of the Bankruptcy Code.

18. Section 1129(a)(7). With respect to each Impaired Class of Claims or Equity Interests under the Plan, each holder of an Allowed Claim or Equity Interest of such Class (i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if such Claimant's or Equity Interest Holder's claim or interest were liquidated under Chapter 7 of the Bankruptcy Code in compliance with Section 1129(a)(7) of the Bankruptcy Code. The Plan satisfies the "best interest" of creditors test.

19. Section 1129(a)(8). The Plan satisfies the requirements of Section 1129(a)(8) of the Bankruptcy Code or in the alternative the Plan is fair and equitable in its treatment and payment of all classes of impaired creditors.

20. Section 1129(a)(9). The Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

21. <u>Section 1129(a)(10)</u>. The Plan satisfies the requirement of Section 1129(a)(10).

22. <u>Section 1129(a)(11)</u>. The Plan meets the requirements of Section 1129(a)(11) because based upon the evidence presented it is sufficiently feasible and not likely to be followed by the need for further financial reorganization.

23. <u>Section 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on and after the Effective Date as required by Section 1129(a)(12) of the Bankruptcy Code.

24. <u>Section 1129(a)(13)</u>. The Debtor has no obligation to retirees and therefore Section 1129(a)(13) of the Bankruptcy Code is inapplicable.

25. <u>Section 1129(a)(14)</u>. The Debtor does not owe any domestic support obligations.

26. <u>Section 1129(a)(15)</u>. This section is inapplicable under Subchapter V.

27. <u>Section 1129(a)(16)</u>. The Plan satisfies the requirements of Section 1129(a)(16) of the Bankruptcy Code.

28. <u>Section 1129(b)</u>. The Plan satisfies the requirements of section 1129 as modified by Section 1191.

29. <u>Section 1191</u>. The Plan satisfies the requirements of section 1191 of the Bankruptcy Code in that all of the requirements of § 1129(a) have been satisfied. Therefore, the Court finds that the Plan can be confirmed pursuant to § 1191(a) as a consensual Plan.

30. <u>Professional Fee Claims</u>. Each Professional Person or other entity that holds or asserts an Administrative Claim that is a fee claim incurred before the Effective Date shall be required to File with the Bankruptcy Court, and serve on all parties required to receive notice under the Bankruptcy Rules, a Fee Application within sixty (60) days after the Effective Date. The Court will determine the Allowed amount of any such Fee Claim after notice and a hearing. The failure to file the Fee Application timely shall result in the Fee Claim being forever barred

and discharged. To the extent necessary, entry of this Confirmation Order shall amend and supersede any previously entered order of the Bankruptcy Court regarding procedures for the payment of fee claims.

Therefore, THIS COURT HEREBY CONCLUDES, as a matter of law, that:

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the District Court's standing order of reference. This is a core proceeding under 28 U.S.C. §157 (b)(2)(L).

2. The Plan complies with all elements of Section 1129 and 1191 of the Bankruptcy Code. The Plan is hereby confirmed.

3. The Court holds that the Debtor shall make the payments under the Plan pursuant to 11 U.S.C. § 1194(b).

Now, upon the motion of the Debtor and after due deliberation, the Court hereby ORDERS, ADJUDGES AND DECREES that:

1. <u>Rule 7052</u>. The Findings and Conclusions of this Court set forth above shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 made applicable to this matter by Bankruptcy Rule 9014.

2. <u>Findings and Conclusions</u>. To the extent that any provision designated herein as a Finding of Fact is more properly characterized as a Conclusion of Law, it is adopted as such. To the extent that any provision designated herein as a Conclusion of Law is more properly characterized as a Finding of Fact, it is adopted as such.

3. <u>Incorporation by reference of Plan</u>. The terms of the Plan are incorporated in this Order and shall be treated as a part hereof. The provisions of this Order are integrated with each other and are mutually dependent and not severable.

4. <u>Confirmation of Plan</u>. The Plan is confirmed in all respects pursuant to Section 1129(a) of the Bankruptcy Code.

5. <u>Extension of Deadline to Object to Discharge and Dischargeability by Line 5, LLC</u>. The Debtor and Line 5, LLC ("Line 5") have agreed to extend the deadline for Line 5 to object to the Debtor's discharge or dischargeability of Line 5's claim to January 20, 2022. This extension of the deadlines is for Line 5 only and does not apply to any other creditors.

6. <u>Closing of Record</u>. Upon entry of this order, the record of the Confirmation Hearing is closed.

7. <u>Section 1142</u>. In accordance with section 1142 of the Bankruptcy Code, the Debtor, the Reorganized Debtor, the General Partner and its directors, officers, agents, attorneys and representatives, are authorized, empowered, directed and ordered to forthwith issue, execute, deliver, file and record any other agreement, document, instrument or certificate referred to in or contemplated by the Plan (collectively, the "Documents"), and to take any corporate or other action necessary, useful or appropriate to implement, effectuate and consummate the Plan and the Documents in accordance with their respective terms.

8. <u>Further Implementation</u>. Each and every federal, state, commonwealth, local or other governmental agency or department is hereby directed and ordered to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan or this Order.

9. <u>Injunction</u>. On the Effective Date and *except* as otherwise provided herein, all Persons who have been, are, or may be holders of Claims against or Interests in the Debtor shall be permanently restrained and enjoined from taking any of the following actions against or affecting the Debtor, the Debtor's estates, the Assets, or its respective assets and property, with respect to such Claims or Interests (other than actions brought to enforce any rights or

obligations under the Plan): (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind with respect to any such Claim or Interest; (b) enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind; (d) asserting any control over, interest, rights or title in or to any of the Assets except as expressly provided in the Plan; (e) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Reorganized Debtor as assignee, except upon order of the Bankruptcy Court; and (f) performing any act, by any manner or means, whether directly or indirectly, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; provided, however, that this injunction shall not bar any Creditor from asserting any right granted pursuant to this Plan.

10. <u>Notice of Confirmation</u>. Pursuant to Bankruptcy Rule 3020(c), within ten (10) Business Days following entry of this Order, or as soon as practicable thereafter, the Debtor shall mail to holders of Claims and Equity Interests a notice, as provided in Bankruptcy Rule 2002(f) by mail.

11. <u>Retention of Jurisdiction</u>. Notwithstanding Confirmation of the Plan and except as expressly provided above, this Court retains jurisdiction over the Debtor's Bankruptcy Case pursuant to and for the purposes set forth in (a) Sections 105(a) and 1127 of the Bankruptcy Code, (b) Article IX of the Plan, (c) to enforce the terms of this Order and (d) for such other purposes as may be necessary or useful to aid in the implementation and consummation of the Plan.

12. <u>Discharge</u>. As set forth in Section 1192, the terms, covenants and consideration under the Plan shall be in exchange for, and in complete satisfaction, discharge, and release of,

all Claims of any nature whatsoever against the Debtor, including, without limitation, all Secured Claims and all Unsecured (General) Claims. The Confirmation Order shall be a judicial determination of discharge of all liabilities of the Reorganized Debtor, and its successors in interest and assigns, other than those obligations specifically set forth pursuant to the Plan.

13. <u>Necessary Action and Disbursements</u>. On the Effective Date, the Debtor is specifically authorized, empowered and directed to take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan. The Debtor will serve as his own disbursing agent under the Plan, and the Subchapter V Trustee shall be released from all further duties and obligations upon Confirmation of the Plan.

14. <u>Exculpations</u>. No release or exculpation will be granted in contravention of *Pacific Lumber*.[1]

15. <u>De Minimis Payments</u>. If a creditor's payment in one distribution period is less than $25, but in the next distribution period cumulatively exceeds $25, the creditor will be entitled to said distribution.

16. <u>Inconsistent Provisions</u>. Neither the failure to specifically reference herein any particular provision of the Plan nor the mistaken reference of any particular provision of the Plan shall have any effect on the validity or enforceability of such provision, all of which provisions are hereby authorized and approved.

### End of Order ###

Prepared by:

Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202

---

[1] *In re Pacific Lumber Co.*, 584 F.3d 229, 247 (5th Cir. 2009).

Telephone: (972) 438-8800
Email: areya@holderlawpc.com

COUNSEL FOR RYAN NICHOLAS WEISS