Patrick M. Lynch, Esq.
State Bar Number 24065655
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100 (telephone)
(214) 871-2111 (telefax)
Email: plynch@qslwm.com

Attorneys for Line 5, LLC d/b/a Texas Line 5, LLC

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>Ryan Nicholas Weiss,<br><br>Debtor. | § § § § § § § § § § | Case No. 21-31701-hdh11 |
| Line 5, LLC d/b/a Texas Line 5, LLC,<br><br>Movant,<br><br>v.<br><br>Ryan Nicholas Weiss,<br><br>Debtor-Respondent. | § § § § § § § § § § | Adv. No._____ |

**COMPLAINT TO OBJECT TO DISCHARGE
AND / OR TO DETERMINE DISCHARGEABILITY OF DEBT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Line 5, LLC d/b/a Texas Line 5, LLC and files this Complaint to Object to Discharge and/or to Determine Dischargeability of Debt in the above-referenced proceeding, and in support thereof Plaintiff would respectfully show the Court as follows:

## PARTIES

1. Line 5, LLC d/b/a Texas Line 5, LLC is a Florida limited liability company registered to do business in the state of Texas and is a creditor in the above-captioned bankruptcy case.

2. Ryan Nicholas Weiss ("Weiss" or "Debtor" or "Defendant"), is an individual resident of Texas, is the Debtor in the above-referenced proceeding now pending before this Court, and will be served in accordance with *Fed. R. Bankr. P*. 7004.

## JURISDICTION

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. §§ 523 and 727. This matter is a core proceeding as determined by 28 U.S.C. § 157 (b)(2)(I) & (J). This action is brought under *Fed. R. Bankr. P*. 4004, 4007 and 7001, *et seq.*

## FACTS

4. Plaintiff LINE 5 is Florida LLC that provides financing for the purchase of extended motor vehicle warranties through licensed car dealers.

5. Defendant Weiss is an individual who owned and operated a used motor vehicle dealership in Texas called Castle Hills Motors ("Castle Hills" or "Dealer").

6. On June 13, 2017 Castle Hills executed a Dealership Participation Agreement ("Dealer Agreement", a true and correct copy of which is attached as **Exhibit A**) with Line 5 whereby Line 5 would provide financing to Castle Hills customers for the purchase of extended motor vehicle warranties sold by Castle Hills.

7. Debtor Weiss personally guaranteed all obligations owed by Castle Hills under the Dealer Agreement to Line 5. (A true and correct copy of the personal guaranty is attached as

**Exhibit B**).

8.      Pursuant to the Dealer Agreement, upon the cancellation of any Product financed by Line 5, Castle Hills would cancel the Product with the provider and remit the pro-rated refund of the remaining product balance to Line 5 to be applied against the balance of the customer's loan.

9.      During the course of their dealing with Castle Hills, Line 5 discovered Products were being cancelled and refunds from the providers remitted to Castle Hills, but Castle Hills was failing to remit those refunds back to Line 5, despite an obligation to do so under the Dealer Agreement and per the Product's terms and conditions with the customer.

10.     After attempting to resolve the issue directly with Caste Hills and Ryan Weiss to no avail, and as the amount of refunds owed to Line 5 swelled, Line 5 filed suit against Castle Hills on April 24, 2019, and later amended to add Ryan Weiss personally, in the 42d District Court of Denton County, Cause Number 19-37854-442.

11.     Line 5 took a default judgment against Castle Hills and Ryan Weiss on June 3, 2021 ("Judgment") in the amount of $225,908.49, plus interest of $65,418.17 as of September 30, 2020 and continuning to accrue until the date of judgment at 18% annually, plus attorneys' fees and legal expenses of $3,520. A true and correct copy of the Judgment is attached hereto as **Exhibit C**.

12.     There remain active Products sold by Castle Hills and financed by Line 5 that could be subject to cancellation and owed a refund.

13.     Line 5 examined Debtor Ryan Weiss on January 5, 2022 under oath pursuant to the Order entered by the Bankruptcy Court under Docket No. 55 in the underlying bankruptcy proceeding herein.

14. During his examination, Weiss testified that he is a trained accountant and was the sole owner and operator of Castle Hills.

15. Weiss further testified that he ran Castle Hills with few, if any, full time employees and relied on contractors for most of the Dealer's operations, under his direct authority.

16. According to Weiss's testimony, part of the compensation for his finance manager, a contractor, was to mark up Products financed by Line 5 to pay out a supplemental commission to the finance manager.

17. Weiss testified this became a problem because upon cancellation of a Product, Castle Hills would receive the portion of the refund from the provider but be unable to match the dealership's remaining portion to remit back to Line 5 to apply to the customer's account.

18. Weiss further testified that refunds on cancelled Products from the providers were received by Castle Hills and placed into the dealership's general operations fund and untraceable from its other revenue streams.

19. Also based upon the Weiss' testimony, upon compounding financial difficulties including the debts owed to Line 5, Weiss made the decision to "sell" all the assets of Castle Hills to his father in exchange for a promissory note with a flexible pay term and amount.

20. According to Weiss, no money has been paid to Castle Hills for the purchase of its assets, despite a $200,000 investment made in the new dealership in January of 2021 from a third party based upon a $1,000,000 valuation of the new dealership.

21. Weiss further testified that he no longer has any access to the data germane to the Products financed by Line 5.

### COUNT 1    11 U.S.C. §523(a)(2)(A)

22. The Plaintiff realleges the allegations of paragraphs 1 through 21, as if fully set forth herein.

23. A discharge in bankruptcy does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

24. The Defendant is liable to Plaintiff for a debt obtained by actual fraud other than a statement respecting the debtor's or an insider's financial condition.

25. The Defendant committed actual fraud by accepting money from Line 5 ostensibly for the financing of Products, but actually as a compensation gambit to avoid paying full time employees and maintaining a business through primarily contract labor, while leaving its customers on the hook if those Products were cancelled and refunds not issued by Castle Hills.

26. Defendant further committed actual fraud by accepting monies not belonging to him in the operation of his business and failing to either segregate said funds or remit them to the proper party.

### COUNT 2   11 U.S.C. §523(a)(4)

27. The Plaintiff realleges the allegations of paragraphs 1 through 21, as if fully set forth herein.

28. A discharge in bankruptcy does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

29. The acts committed by the Defendant constituted an act of larceny against the Plaintiff and its customers.

30. The Defendant accepted monies from Plaintiff and, later, from the Product providers owed to Line 5 and its customers, and failed to either segregate or remit said funds to the proper party, and instead used the funds in the general operations of his business and to pay contractors.

31. Accordingly, discharge of Plaintiff's debt against the Defendant is barred by section 523(a)(4) of the Bankruptcy Code.

## COUNT 3 U.S.C. §727(a)(2)&(7)

32. The Plaintiff realleges the allegations of paragraphs 1 through 21, as if fully set forth herein.

33. The Defendant, with the intent to hinder, delay or defraud his creditors, and/or Trustee, transferred, removed, destroyed, mutilated or concealed property of the Debtor within one year before the date of the filing of the petition.

34. The Defendant treated the corporate assets of Castle Hills as if they were his own and made significant transfers to himself, his father, and potentially other insiders at the time that he knew he could not account for the character of the funds coming into the company.

35. Accordingly, the Defendant's discharge should be denied pursuant to Section 727(a)(2) of the Bankruptcy Code.

## COUNT 4 U.S.C. §727(a)(3) & (7)

36. The Plaintiff realleges the allegations of paragraphs 1 through 21, as if fully set forth herein.

37. The Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers from which the

debtor's financial condition or business transactions might be ascertained in his personal bankruptcy.

38. Weiss testified that records pertaining to the individual deals and warranties sold by Castle Hills are no longer available.

39. Accordingly, the Defendant's discharge should be denied pursuant to Section 727(a)(3) of the Bankruptcy Code.

### COUNT 5 U.S.C. §727(a)(5) & (7)

40. The Plaintiff realleges the allegations of paragraphs 1 through 21, as if fully set forth herein.

41. The Defendant has failed to explain satisfactorily any loss of assets or deficiency of assets to meet his liabilities.

42. Debtor sold the "assets" of his business to his father for, to date, no consideration, and Debtor continues to run the day to day operations and management of the new dealership which purportedly had a value of $1,000,000 as of January of 2021.

43. Accordingly, the Defendant's discharge should be denied pursuant to Section 727(a)(5) of the Bankruptcy Code

### CONCLUSION

77. The Plaintiff incorporate all of the foregoing allegations as if fully set forth herein.

78. Pursuant to the provisions of 11 U.S.C. §§523 (a) (2) and (4), this Court should determine that the claim of Line 5, LLC d/b/a Texas Line 5, LLC is nondischargeable.

79. Pursuant to the provisions of 11 U.S.C. §§727 (a) (2), (3), (5) and (7), this Court should determine that the Defendant, Ryan Weiss, should be denied a discharge in bankruptcy.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully pray that the Court enter judgment against Ryan Weiss determining that the debt owed to Line 5, LLC d/b/a Texas Line 5, LLC is nondischargeable pursuant to 11 U.S.C. §§523 (a) (2), (4) and (6) of the Bankruptcy Code and/or that the Defendant Ryan Weiss should be denied a discharge in bankruptcy pursuant to the provisions of 11 U.S.C. §§727 (a) (2), (3), (5) and (7) of the Bankruptcy Code and that Plaintiff be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)

By: */s/ Patrick M. Lynhc*
      Patrick M. Lynch
      State Bar No. 24065655

ATTORNEYS FOR
LINE 5, LLC D/B/A TEXAS LINE 5, LLC