# COVER SHEET

HOLDER LAW's Application for Compensation and for Reimbursement of Expenses for the time period of September 27, 2021 through December 21, 2021

Capacity: Counsel for Debtor                              Chapter: 11

Debtor/Case: In re: Ryan Nicholas Weiss/21-31701-HDH -11

Retainer Received: $11,040.00            Amount Previously Draw Down: $8,979.44

**Amount Requested**:                    **Reductions:**

Fees: $11,895.00                         Vol. Fee Reduction: _____

Expenses: $323.51                        Expense Reduction: _____

Other: _____                       Total Reductions: $0.00

**Total**: $12,218.51

**Expenses:**

Copies per page: $.20                    Postage: $129.51

Faxes per page: _____              Other (specify): Court filing fee $32.00

**Hourly Rates:**  Attorney              Associate Attorney             Paralegal/Clerical

Highest Rates: $450.00                   $300.00                        $150.00

Hours Billed: 22.20                      _____                    12.7

Average: _____


/s/ Areya Holder Aurzada                 February 17, 2022
Signature                                Date

Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

COUNSEL FOR RYAN NICHOLAS WEISS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE § | | |
| § | | |
| RYAN NICHOLAS WEISS § | CASE NO. 21-31701-HDH | |
| § | | |
| Debtor § | Chapter 11 | |
| § | | |

## HOLDER LAW'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES IN ITS CAPACITY AS ATTORNEY FOR RYAN NICHOLAS WEISS

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS APPLICATION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

| | |
|---|---|
| Name of Applicant: | HOLDER LAW |
| Authorized to Provide Professional | Ryan Nicholas Weiss |
| Date of Retention: | Order EOD 10/27/2021 |
| Retainer on Hand: | $2,060.56 |
| Period for which Allowance of Compensation | September 27, 2021 – December 21, 2021 |

and Reimbursement is Sought:
Applicant's Retention Order:                        See **Exhibit A**

Fee Statements                                       See **Exhibit B**

HOLDER LAW ("Applicant") hereby files its Application for Compensation and for Reimbursement of Expenses incident to 11 U.S.C. §§ 327 and 330 and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016 and Appendix 2016 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas ("Fee Application").

## I.    JURISDICTION

1. This Court has jurisdiction over the subject matter of this Application incident to 28 U.S.C. §§ 1334 and 157 and this is a core proceeding under 11 U.S.C. § 157(b)(2)(A).

## II.    RELIEF REQUESTED

2. As more fully set forth herein, Applicant asks this Court to enter an order: (i) granting approval of all compensation incurred by Applicant in this bankruptcy proceeding[1], the total amount of which is $12,218.51, of which $11,895.00 represents fees for services rendered and $323.51 constitutes reimbursable expenses incurred by Applicant for the period beginning September 27, 2021 through December 21, 2021 (the "Fee Period"); (ii) allowing compensation and reimbursement of all sums requested, pursuant to the Motion for Distribution of Retainer; (iii) authorizing the allowed fees and expenses drawn down from the retainer of $8,979.44; and (v) authorizing the unpaid balance to be paid to the HOLDER LAW by Ryan Nicholas Weiss within 14 days of the entry of the order approving this Application.

## III.    FACTUAL BACKGROUND

---

[1] The compensation requested for fees and expenses are through confirmation. All other fee and expenses incurred post-confirmation by counsel will be billed directly to the Debtor including defending Debtor in any adversary proceedings and objection to claims.

3. Ryan Nicholas Weiss ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 23, 2021 (the "Petition Date").

4. On September 28, 2021 [Docket No. 12], Debtor applied for an order to employ HOLDER LAW as counsel for the Debtor. By order entered October 27, 2021 [Docket No. 26], this Court approved the employment of HOLDER LAW (the "Employment Order").[2]

5. In conjunction with the Employment Order, Applicant began providing services to the Debtor and assisted the Debtor in preparing and presenting a Plan of Reorganization.

6. On December 22, 2021, Debtor confirmed his Plan of Reorganization and emerged as the Reorganized Debtor.

## IV.    SERVICES OF APPLICANT

7. HOLDER LAW seeks by this Application compensation for professional services rendered beginning September 27, 2021 through December 21, 2021, in the amount of $11,895.00 for attorneys' fees and $323.51 as expenses to be reimbursed.

## V.    SUMMARY OF SERVICES OF APPLICANT AND PAYMENTS TO APPLICANT

8. Applicant hereby seeks this Court's approval for compensation of professional services and reimbursement of expenses beginning September 27, 2021 through December 21, 2021. Applicant has performed exclusive legal services in connection with this case and has expended a total of 34.40 hours. The reasonable value for the services rendered by Applicant, as counsel for Debtor in this proceeding is $11,895.00. In addition, Applicant has incurred reasonable and out-of-pocket expenses in the amount of $323.51, resulting in total fees and

---

[2] True and correct copy of the *Order Approving the Employment of HOLDER LAW* as counsel for the Debtor is attached hereto as **Exhibit A**.

expenses of $12,218.51.

9. On August 6, 2021, HOLDER LAW received from the Debtor funds in the amount of $15,000.00. Prior to the filing of this Chapter 11 bankruptcy, HOLDER LAW applied $2,222.00 from funds received for attorney's fees and $1,738.00 for the Chapter 11 filing fee. These funds were earned and deposited pre-petition into HOLDER LAW's operating account. The remaining funds in the amount of $11,040.00 were immediately deposited into the Firm's retainer account.

10. A detailed statement of (a) the time spent according to categories of service rendered and an itemization of costs, (b) the date the services were performed, (c) the amount of time spent on those services, and (d) the identity and capacity of each person performing the services and the hourly rate(s) for each person for whom compensation is sought is attached as **Exhibit B** and is incorporated herein by reference.

11. Applicant performed the ordinary services rendered in connection with chapter 11 cases such as assisting the Debtor with preparation for the initial client interview, attendance at the first meeting of creditors, assistance as necessary with operating reports, preparation of the plan, dissemination of ballots, etc.

12. Debtor, with the assistance of counsel, has recently confirmed his Plan of Reorganization.

## VI. EMPLOYMENT OF PROFESSIONAL PERSONS

13. Applicant filed its application to be employed as counsel for Debtor, along with the affidavit supporting the application and order. No objections were received, and the Court entered its order approving the employment of Applicant.

### VII.   OBJECTIVE FACTORS AFFECTING LEGAL FEES

14.   The fee setting process under the Federal statute providing for the recovery of attorneys' fees begins with an examination of the nature and extent of the services rendered or what is referred to as the "time spent" standard. In other words, a measure of the quantum of the services must precede the determination of the value of these services.[3]  **Exhibit B** to this application sets forth in detail all of the time for which final compensation is sought by Applicant, broken-down by month and day, and explains the hours by each attorney and paraprofessional who provided services in this chapter 11 case and the requested rate of compensation. It is submitted that **Exhibit B** will allow the Court to examine what services Applicant has provided; the attorney and paraprofessionals who have actually worked on this chapter 11 case; how much time was spent performing each such task or assignment; and the reasonable compensation for these services.

### VIII.   SUBJECTIVE FACTORS AFFECTING COMPENSATION

15.   In fixing the amount of reasonable compensation to be awarded a law firm for worked performed in a chapter 11 case, the Court may consider factors other than the numbers of hours spent and the hourly rate normally charged.[4] The standards established by Fifth Circuit Court of Appeals have been further modified by the opinion of the Supreme Court in *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air*,[5] While *Delaware Valley* concerned the award of attorneys' fees under section 304(d) of the Clean Air Act, the language of the opinion makes it generally applicable to the award of attorneys' fees pursuant to federal

---

[3]   *See In re First Colonial Corp. of America*, 544 F. 2d 1291 (5th Cir.) *cert. denied*, 97 S. Ct. 1696 (1977).

[4]   *See In re First Colonial Corp. of America, supra,* and *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).

[5]   *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air*, 106 S. Ct. 3088 (1986).

HOLDER LAW'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES IN ITS CAPACITY AS ATTORNEY FOR RYAN NICHOLAS WEISS

6

statutes which require that the fee awarded be "reasonable."

16. In *Delaware Valley*, the High Court, in considering the *Johnson* case, noted the practical difficulties encountered by courts in applying the sometimes-subjective *Johnson* factors. The Court in *Delaware Valley* also considered the "lodestar" approach of the Third Circuit Court of Appeals.[6] The Court also revisited its prior opinions[7] whereby it determined that the proper first step in determining a reasonable attorneys' fee is to multiply the number of hours reasonably expended on the litigation times a reasonable hourly rate, and that adjustment of this figure based on some of the *Johnson* factors might be appropriate[8], but that such modifications would be proper only in certain rare and exceptional cases and when supported by specific evidence and detailed findings of the lower court[9]. In *Delaware Valley*, the Court took an even more restrictive approach to the relevance of the *Johnson* factors and concluded that the "lodestar" figure includes most, if not all, of the relevant factors comprising a "reasonable attorneys' fee." [10]

17. Thus, under the *Delaware Valley* approach, this Court is guided to determine the number of hours reasonably spent in representing Intrepid, multiplied by a reasonable hourly rate for the services performed. The following discussion incorporates the *Johnson* factors only insofar as they might add the Court in its determination of the "lodestar" figure.

18. The following subjective *Johnson* factors are offered for consideration:

- <u>Time and the labor required.</u> Applicant's attorney and paraprofessionals

---

[6] See e.g., Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corporation, 487 F. 2d 161 (3d Cir. 1973) (Lindy I).

[7] See Hensley v. Eckerhart, 461 U.S. 424 (1983) and Blum v. Stenson, 465 U.S. 886 (1984).

[8] See Hensley, 461 U.S. at 434, n. 9.

[9] See Blum, 465 U.S. at 898-901.

expended 34.40 hours providing necessary and reasonable services incident to its representation of Debtor in this chapter 11 case beginning September 27, 2021 through December 21, 2021. The total value of this time is $11,895.00.

- <u>The skill requisite to perform the legal services properly.</u> Ms. Aurzada is a skilled and experienced attorney who has dealt extensively in reorganization for as long as she has practiced law.

- <u>The Preclusion of other employment by attorneys due to acceptance of this case</u>. Because of the time commitment to this case, other employment was precluded to some degree.

- <u>The customary fee</u>. **Exhibit B** sets forth the hourly rate at which compensation is requested forth. These rates are no greater, and in many cases considerably less, than those being charged by attorneys in this district. Applicant and other similar firms customarily charge these rates for equivalent services. These rates compare favorably to the cost of legal services to ordinary legal consumers.

- <u>Whether the fee is fixed or contingent</u>. The fee in this case is not contingent upon the outcome of any particular issue or adversary proceeding.

- <u>Time limitations imposed by the client or other circumstances</u>. Time constraints have neither been great nor limited.

- <u>The amount involved and the results obtained</u>. Applicant assisted the Debtor in a successful reorganization and confirmation of the Debtor's proposed Plan. The order confirming Debtor's Plan of Reorganization was entered by the

---

[10] *See In Delaware Valley*, 106 S. Ct. at 309.

HOLDER LAW'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES IN ITS CAPACITY AS ATTORNEY FOR RYAN NICHOLAS WEISS     8

Court on December 21, 2021.

- <u>The experience, reputation and ability of the attorneys</u>. Applicant submits that Ms. Aurzada enjoys an excellent reputation as a learned and experienced bankruptcy practitioner.

- <u>The "undesirability" of the case</u>. This factor is not relevant in this case.

- <u>The nature and length of the professional relationship with the client</u>. Applicant has had no professional relationship with Debtor prior to its retention by Debtor as bankruptcy counsel.

- <u>Awards in similar cases</u>. Applicant represents and would demonstrate that the compensation for the services rendered and expenses incurred in connection with this case is not excessive and is commensurate with, or below the compensation sought or ordered in similar cases under the Bankruptcy Code. Applicant final fee request is based upon normal hourly charges that Applicant charges private clients of the firm. Taking into consideration the time and labor spent, the nature and extent of the representation, Applicant believes the allowance prayed for herein is reasonable. Lastly, this Court is infinitely familiar with the size of other fee awards in similar cases. In addition, each case, to some extent, is unique and comparisons are somewhat difficult. Applicant urges the Court to consider, however, that awards of similar or significantly larger fees have been made in other cases over the past several years in this District.

- <u>Additional consideration</u>. The Court in *First Colonial Corp. of America, supra*, stated that two additional considerations should be considered by the

Court:

A. <u>The policy of the Bankruptcy Code that estates be administered as efficiently as possible</u>. It is the policy of Applicant to assign work to an attorney who has the degree of expertise and specialization to perform efficiently and properly the services required and to utilize legal assistants whenever appropriate. This practice has been followed to date in this chapter 11 case and will be followed in the future.

B. <u>The Bankruptcy Code does not permit the award of duplicate fees or compensation for non-legal services</u>. There has been no unnecessary or unavoidable duplication of legal services and there have been no non-legal services performed by this firm.

## IX.   EXPENSES

19.    It has been necessary for Applicant to incur out-of-pocket expenses in connection with its representation of Debtor in this case. Careful records of these expenditures have been maintained, and the expenses incurred for the period are summarized in **Exhibit B**. Copy charges have been billed at $.20 per page. All of these expenses are reasonable, necessary, and Applicant believes itself to be entitled to reimbursement in the total sum of $323.51.

## X.   AVERAGE HOURLY RATE

20.    Applicant seeks compensation for hours of professional time for a total of $11,895.00, which represents an average hourly rate of $450.00 for Areya Holder Aurzada, $300.00 for the associate attorney and $150.00 for Legal Assistants.

## XI.   REASONABLENESS OF APPLICANT'S FEES

21.    Applicant represents that the fees and expenses requested herein are fair and

reasonable in connection with the services provided. The rates charged by Applicant are competitive and customary for the degree of skill and expertise necessary for cases of this type and are consistent with or below rates charged by other counsel with similar experience in the Northern District of Texas.

22. The work Applicant performed during its representation herein has been beneficial to Debtor's estate as set forth above in the Fee Period Statements. Taking into consideration the time and labor spent, the nature and extent of the representation, and the results obtained in this proceeding, Applicant believes the allowance prayed for herein is reasonable and just.

## XII. SUMMARY

23. Applicant is seeking an award of compensation as set forth in **Exhibit B**, for 34.40 hours of attorney's time and legal assistant's time for services furnished to Debtor during the time period specified in the total amount of $11,895.00 plus reimbursement of expenses in the amount of $323.51, for a total of fees and expenses in the amount of $12,218.51.

24. **Exhibit B** to this Application details how time was spent as well as how the requested compensation has been calculated. Applicant submits the amounts sought are fair and reasonable compensation in light of all the circumstances.

25. Pursuant to the Motion for Distribution of Retainer filed on November 21, 2021, Applicant withdrew $8,979.44 from its retainer on hand. Applicant has a pre-confirmation retainer balance on hand in the amount of $2,060.56. The total compensation sought in this Application is $12,218.51.

26. Thus, after applying the retainer previously drawn down and deducting the payments made by the Debtor, Debtor has an unpaid balance of $1,178.51 through December 21,

2021.

## XIII. REQUEST FOR RELIEF

For these reasons, Applicant respectfully asks this Court to authorize its Application for Compensation and for Reimbursement of Expenses from September 27, 2021 through December 21, 2021, in the amount of $11,895.00 in professional fees and $323.51 in reasonable expenses, for a total of $12,218.51 to be paid by the Debtor to the Applicant within 14 days of the entry of this Order, and for such other and further relief as may be just.

Dated: February 17, 2022                                 Respectfully Submitted,

By: */s/Areya Holder Aurzada*
Areya Holder Aurzada
State Bar No. 24002303
HOLDER LAW
901 Main Street, Suite 5320
Dallas, TX 75202
Telephone: (972) 438-8800
Email: areya@holderlawpc.com

COUNSEL FOR RYAN NICHOLAS WEISS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served February 17, 2022, upon the attach mailing matrix via United States first class mail, postage prepaid except for the parties listed below which received electronic notice.

Respectfully submitted,

By: */s/ Areya Holder Aurzada*
Areya Holder Aurzada

PARTIES RECEIVING ELECTRONIC NOTICE:

Simon W. Hendershot, III on behalf of Creditor Alan Auge
trey@k-hpc.com, kcowart@k-hpc.com; rpanneton@hcmhlaw.com

Sherrel K. Knighton on behalf of Creditor Lewisville ISD
Sherrel.Knighton@lgbs.com, Dallas.Bankruptcy@lgbs.com; Sean.French@lgbs.com; Dora.Casiano-Perez@lgbs.com; Olivia.Salvatierra@lgbs.com; Julie.Wilson@lgbs.com

Tara LeDay on behalf of Creditor Denton County
tleday@mvbalaw.com, vcovington@mvbalaw.com; alocklin@mvbalaw.com; pbowers@mvbalaw.com; tleday@ecf.courtdrive.com; vjames@mvbalaw.com

Patrick Michael Lynch on behalf of Creditor Line 5, LLC
plynch@qslwm.com, jtownzen@qslwm.com

Scott M. Seidel (SBRA V)
scott@scottseidel.com, csms11@trustesolutions.net; susan.seidel@earthlink.net

United States Trustee
ustpregion06.da.ecf@usdoj.gov