IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:                                              Civ No. 21-31701-HDH

RYAN NICHOLAS WEISS,                                Chapter 11

    Debtor.
_____/

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEBTOR'S
OBJECTION TO PROOF OF CLAIM [DE 59]**

    COMES NOW, Secured Creditor Westlake Flooring Company, LLC ("Westlake"), by and through its undersigned counsel, hereby files this, its Motion for Extension of Time to File Response to Debtor's Objection to Proof of Claim [DE 59] ("Objection") on or before March 24, 2022, and sets forth:

    1.    On November 29, 2021, Westlake filed its Proof of Claim [Claim No. 16] in the amount of $49,881.41.

    2.    On February 10, 2022, Debtor filed the Objection alleging that he listed Westlake as an unsecured creditor, that the collateral listed in the UCC-1 is for Castle Hills Motor, LLC, and he does not own any equipment or inventory sufficient to support an asserted secured claim. Objection ¶¶4-5.

    3.    Westlake's response to the Objection is due March 14, 2022.

    4.    Westlake submits it is a secured creditor against the Debtor and Debtor's bankruptcy estate. Even though Westlake's Proof of Claim is in compliance with Bankruptcy Rule 3001 and may rest on its Proof of Claim, *In re Gulley*, 400 B.R. 529, 540 (Bankr. N.D. Tex. 2009), Westlake requires a brief extension of 10 days within which to file its response to the Objection to address Debtor's position that the debt is unsecured.

5. There is good cause for granting this extension pursuant to Bankruptcy Rule 9006(b). The undersigned has procedures in place for calendaring deadlines. However, due to excusable neglect, the response to the Objection was not properly calendared and not discovered until March 11, 2022. *In re 50-Off Stores, Inc.*, 220 B.R. 897, 900 (Bankr. W.D. Tex. 1998) (Rule 9006(b) permits courts to enlarge time frames where the failure to act was the result of excusable neglect)).

6. Westlake interposes this motion in good faith and not for the purposes of harassment or delay.

7. Debtor would not be prejudiced if this motion were granted.

8. Undersigned counsel attempted to confer with counsel for the Debtor on March 11, 2022 but did not receive a response before filing this motion.

WHEREFORE Westlake respectfully requests this Honorable Court to enter the proposed order attached hereto enlarging the time for it file its response to the Objection up to and including March 24, 2022, together with any other relief this Court deems necessary and just.

### CERTIFICATE OF CONFERENCE PURSUANT TO L.B.R. 7007-1

Undersigned counsel hereby certifies that he has complied with L.B.R. 7007-1(a) prior to the filing of this motion. Undersigned counsel contacted Debtor's counsel via e-mail regarding the relief sought by this motion on March 11, 2022. Additionally, undersigned counsel called Debtor's counsel's office to confer regarding the relief sought by this motion and left a voicemail but no response has been received

Dated: March 14, 2022.                                              Respectfully Submitted,

*/s/ James R. Liebler, II*
JAMES R. LIEBLER II
Florida Bar No. 115348
E-mail: JRLII@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**

Courthouse Tower - 25th Floor<br>
44 West Flagler Street<br>
Miami, FL 33130<br>
Telephone: (305) 379-0400<br>
Fax: (305) 379-9626<br>
*Westlake Flooring Company, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this <u>14th</u> day of March, 2022 a true and correct copy of the foregoing instrument was served via the CM/ECF system to all interested parties.

*/s/ James R. Liebler, II*
JAMES R. LIEBLER, II